UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

STEPHEN LEONARD
GUARDINO, JR.,

      Plaintiff,

v.                                   CASE NO. 3:18-cv-1301-J-20JBT

BOARD OF COUNTY COMMISSIONERS
OF FLAGER COUNTY,

      Defendant.
_____/

**REPORT AND RECOMMENDATION**[1]

**THIS CAUSE** is before the Court on pro se Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, which the Court construes as a Motion to Proceed *In Forma Pauperis* ("Motion") (Doc. 5). For the reasons stated herein, the undersigned respectfully **RECOMMENDS** that the Motion be **DENIED** and this case be **DISMISSED**.

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Local Rule 6.02.

**I.      Standard**

Pursuant to 28 U.S.C. § 1915(a)(1), the Court may allow a plaintiff to proceed without prepayment of fees or costs where the plaintiff has demonstrated through the filing of an affidavit that he is "unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Even assuming that the Motion sufficiently demonstrates that Plaintiff meets the financial criteria and is therefore entitled to proceed *in forma pauperis*, when such a motion is filed, the Court is also obligated to review the case pursuant to 28 U.S.C. § 1915(e)(2) and to dismiss the case if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The Court must also dismiss *sua sponte* an action if, at any time, it determines that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

To avoid a dismissal, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not do. *Id.*

While pleadings submitted by a pro se plaintiff "are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed," *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998)

(per curiam), "[a] [pro se] complaint that fails to articulate claims with sufficient clarity to allow the defendant to frame a responsive pleading constitutes a 'shotgun pleading.' . . . prohibited by Rule 8(a)(2).'" *Lampkin-Asam v. Volusia Cty. Sch. Bd.*, 261 F. App'x 274, 277 (11th Cir. 2008).[2]  As such, even pro se complaints that are "disjointed, repetitive, disorganized and barely comprehensible" may be dismissed. *Id.* at 276.

## II.    Analysis

Plaintiff's Complaint (Doc. 1) does not meet the above requirements and is largely incomprehensible. This is one of at least fifteen lawsuits filed by Plaintiff in this district in the last three months. *See Guardino v. Flagler Hospital St. Augustine*, Case No. 3:18-cv-1389-J-32PDB (Doc. 5 at 1 n.1) (collecting cases). Several of these cases, including this one, are based at least in part on Plaintiff's belief that ordinary aerial photographs taken from Google Earth contain hidden sexual, violent, and/or offensive images.  (*See id.* at 7 n.3) (collecting cases).  Despite Plaintiff's allegations to the contrary, the Google Earth photographs at issue in this case, which appear to show the Flager County Teen Court, depict no such hidden images. (*See* Docs. 6 & 8.)

Aside from the allegations describing the sexual and/or offensive nature of the alleged hidden images, the Complaint contains only random, unsupported, and implausible allegations that are insufficient to state any claim.  (Doc. 1 at 4.)  For

---

[2] Although unpublished Eleventh Circuit opinions are not binding precedent, they may be persuasive authority on a particular point.

example, Plaintiff alleges that the Flagler County Courthouse was built to sexually exploit children, and that he has been portrayed as mentally ill to cover up the sexual exploitation of his daughter and the public. (*Id.*) He also questions whether judges are pedophiles, and whether police are immune from punishment for molestation, apparently because his daughter was unable to obtain a restraining order against an unknown person at an unknown time. (*Id.*) He also refers to himself as a king, and he requests in part that this Court tear down a courthouse. (*Id.*, Doc. 6 at 1.)

In sum, the undersigned recommends that the Complaint fails to state any claim, and that this action is frivolous because the allegations in the Complaint are "fanciful, fantastic, and delusional." *See Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992) (citations and quotations omitted). Moreover, given the nature of the allegations in the Complaint, the undersigned recommends that amendment would be futile because Plaintiff cannot state any plausible claim. *See Evans v. Ga. Reg'l Hosp.*, 850 F.3d 1248, 1254 (11th Cir. 2017) ("Although a pro se litigant generally should be permitted to amend her complaint, a district court need not allow amendment when it would be futile."). Therefore, the undersigned recommends that the Motion be denied and this case be dismissed.

Accordingly, it is respectfully **RECOMMENDED** that:

1. The Motion (**Doc. 5**) be **DENIED**.

2. The case be **DISMISSED**.

3. The Clerk of Court be directed to terminate any pending motions and

close the file.

**DONE AND ENTERED** at Jacksonville, Florida, on December 21, 2018.

_____
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

The Honorable Harvey E. Schlesinger
Senior United States District Judge

Pro Se Plaintiff